UNITED STATES of America,
Plaintiff-Appellee,

v.

Benjamin Franklin WRIGHT,
Defendant-Appellant.

No. 77–2055.

United States Court of Appeals,
Ninth Circuit.

Jan. 23, 1978.

Benjamin Franklin Wright, pro se.

Jonathan David Rapore, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Benjamin Franklin Wright was convicted by a jury on a three-count indictment for violating sections 7203 and 7205 of the Internal Revenue Code (failure to file tax return and supplying an employer with a fraudulent withholding exemption certificate, respectively). Before the trial commenced Wright requested that he be represented by a person who was not a member of any bar. The judge advised appellant that he had a right to be represented by an attorney of his choice or to represent himself if he chose, but that he could not be represented by a person who was not a qualified attorney admitted to practice. The right to have counsel appointed by the court in the event the defendant could not afford an attorney was carefully explained. Appellant elected to act as his own counsel.

On appeal Wright claims that the refusal to permit representation by an unlicensed person whom he designated was a denial of the right to assistance of counsel. We disagree. The sixth amendment's guarantee of the right of counsel does not require that one who is not an attorney be permitted to act, or try to act, as counsel. Whether a district court may in its discretion permit a nonattorney to act as counsel is not before us.

 *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), holds that the sixth amendment affords the right of self-representation, not lay representation. The Supreme Court, in stating that the history of the right to counsel included the seeking of advice from friends, 422 U.S. at 820 n.16, 95 S.Ct. at 2534, did not extend the sixth amendment to encompass the right to be represented before the bar of a court by a layman. Each circuit which has considered the question has held there is no right to representation by persons who are not qualified attorneys. *E. g., United States v. Grismore,* 546 F.2d 844 (10th Cir. 1976); *United States v. Whitesel,* 543 F.2d 1176 (6th Cir. 1976), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977); *Pilla v. American Bar Association,* 542 F.2d 56 (8th Cir. 1976), *aff'g* 407 F.Supp. 451 (D.Minn.1975); *United States v. Jordan,* 508 F.2d 750 (7th Cir. 1975), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Cooper,* 493 F.2d 473 (5th Cir.), *cert. denied,* 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974); *see United States v. Scott,* 521 F.2d 1188 (9th Cir. 1975) (dicta), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976).

It is the duty of counsel to assist the court, as well as the client. Representation by skilled lawyers is necessary if our complex, highly refined judicial process is to be fair and efficient. The appointment of nonlawyers as a matter of right would obstruct these objectives, not further them. We would not serve the ends of justice either in this case or in the judicial system generally by adopting the frivolous procedural device of permitting laymen to replace counsel as a matter of right. Nothing in the language or the history of the sixth amendment to the Constitution would justify that rule. The privilege to dispense with the constitutional right to the assistance of counsel should not be converted into the affirmative right to demand that a layman try the case.

Appellant's further contention that he was denied a trial by an impartial jury when the district judge instructed the jur-

ors that they must follow his explanation of the law is wholly without merit.

The judgment of conviction on three counts is AFFIRMED.