125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Edward MENKE, Defendant-Appellant.
 No. 96-30133.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-95-60091-01-MRH; Michael R. Hogan, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Edward Menke appeals his jury conviction for being a felon in possession of a firearm and an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). Menke was sentenced to a term of 300 months imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Menke contends that the district court erred by failing to hold an evidentiary hearing on use immunity. We disagree.
 
 
 4
 Whether the district court's failure to hold an evidentiary hearing on use immunity constitutes reversible error is a mixed question of law and fact, which we review de novo. See United States v. Young, 86 F.3d 944, 947 (9th Cir.1996). "A criminal defendant is not entitled to compel the government to grant immunity to a witness." Id. There is an exception to this rule where the defendant shows that the proposed testimony was relevant and that the government intentionally distorted the judicial fact-finding process. See id.
 
 
 5
 Here, the defense witness's proposed testimony was relevant to Menke's defense that he was not in possession of the shotgun. The government granted immunity to the government's witness and denied immunity to the defense witness whose testimony would have directly contradicted that of the government witness. Thus, the district court erred by failing to hold an evidentiary hearing to determine whether the government's actions constituted an intentional distortion of the judicial fact-finding process. See United States v. Westerdahl, 945 F.2d 1083, 1087 (9th Cir.1991); Young, 86 F.3d at 948-49. Nevertheless, the arresting officer found a shotgun shell in Menke's pocket and a shotgun in Menke's car. Thus, the district court's error was harmless because there is evidence in the record independent of the government witness's testimony to show that Menke possessed the shotgun. See United States v. Baker, 10 F.3d 1374, 1415 (9th Cir.1993); cf. Young, 86 F.3d at 949 (finding that exclusion of testimony was not harmless error where testimony would have contradicted "cornerstone" of government's case). Accordingly, any error arising from the district court's failure to hold an evidentiary hearing was harmless. See Baker, 10 F.3d at 1415.
 
 
 6
 Menke's contention that he has a constitutional right to be represented by a lay person lacks merit. See United States v. Wright, 568 F.2d 142, 143 (9th Cir.1978).
 
 
 7
 Menke's contention that the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1), is an unconstitutional exercise of Congressional authority under the Commerce Clause also lacks merit because the government established that the firearm had been, at some time, in interstate commerce. See United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir.1995).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3