Defendant-appellant, Rick L. Tate, appeals from a judgment of the Franklin County Municipal Court finding him guilty of operating a motor vehicle while under the influence of alcohol or illegal drugs, in violation of R.C. 4511.19(A)(1); operating a motor vehicle without a valid driver's license, in violation of R.C. 4507.02(A)(1); and making a left turn without signaling, in violation of R.C. 4511.39.
Defendant's convictions arise out of a traffic stop which occurred on March 12, 1998, in Columbus, Ohio. At his arraignment before the Franklin County Municipal Court on March 19, 1998, defendant was granted a continuance until April 2, 1998. When defendant appeared for his arraignment on April 2, 1998, he challenged the municipal court's exercise of personal and subject-matter jurisdiction and refused to enter a plea. The court overruled defendant's jurisdictional challenges, entered a not guilty plea for defendant, pursuant to Crim.R. 11(A), and preserved defendant's right to a speedy trial and a jury trial on the OMVI and driving without a license charges.[1]
Also on April 2, 1998, defendant filed a document entitled "Special Demand for Specific BILL OF PARTICULARS, with Affidavit of Verification" which consisted of fifty-eight questions which defendant sought to compel the state to answer. At a hearing on April 29, 1998, the trial court ruled that defendant was not entitled to a bill of particulars.
On May 18, 1998, defendant's case came on for trial. Defendant objected to the proceedings on the basis that he could not properly defend himself given the prosecutions failure to answer his request for a "bill of particulars." When the trial court reiterated its prior ruling that defendant was not entitled to a bill of particulars, defendant objected to any further proceedings. The trial court then inquired of defendant whether he was represented by counsel and, if not, whether defendant wished to have counsel appointed to represent him. Defendant indicated that he wished to be represented by counsel who was not admitted to the bar. The trial court informed defendant that his counsel was required to be admitted to the bar, and advised defendant that it was in his best interest to accept appointed counsel. Despite the trial court's admonition, defendant refused to accept appointed counsel.
Following jury selection, the trial court took up the matter of a document filed by defendant and titled "LEGAL NOTICE OF REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT." Despite having filed this document, defendant refused to waive his right to a jury trial in open court or to sign a jury waiver form. In an attempt to simultaneously protect defendant's right to request and waive a jury trial, the trial court determined that the OMVI and driving without a license charges would be tried to a jury, but that the court would concurrently weigh the evidence and enter an independent ruling on those counts.
After the jury retired to deliberate, the trial court found defendant guilty of making a left turn without signaling. The jury subsequently found defendant guilty of OMVI and driving without a license. The trial court, in accordance with its earlier ruling that it would independently rule on the counts tried to the jury, indicated that it was also finding defendant guilty of OMVI and driving without a license. The court then sentenced defendant and entered a judgment of conviction. Defendant appeals therefrom assigning the following errors:
 1 The court did commit error by choosing to ignore the Appellant's demand(s) for a specific bill of particulars which prejudiced the Appellant and was in violation of Ohio Constitution (1851) Article I Section 10 and Article XV Section 7.
 2 The Court did commit error by entering a plea on behalf of the Appellant over his objection and revocation. The court continued with that plea even though the Appellant by filing legal notice revoked that plea and any assumed power of attorney being exercised by the court.
 3 The court did commit error by not checking the complaint and hence allowing a "complaint" unsigned and issued by a municipal officer (Officer J.E. Grebb) in violation of the Ohio Revised Code.
 4 The court did commit error by allowing a complaint that did not invoke the jurisdiction of the court.
 5 The court did commit error by ignoring the Appellant's challenge to personam and subject matter jurisdiction.
 6 The court did commit error by continuing to deny counsel of choice, and by the magistrate never asking the Appellant to sign a waiver of counsel, and then sentenced Appellant in violation of the Ohio Revised Code Crim.R. 44(B)(C).
 7 The court did commit error by insisting on a jury trial over the objection of the Appellant and over a properly filed revocation of unauthorized jury demand.
 8 The court did commit error by after a jury trial to also enter a finding of guilty by the bench. This amounted to being tried twice for the same offense. The bench trial however contained no mitigation and no enabling procedures.
Defendant's first assignment of error challenges the trial court's refusal to compel the state to provide defendant with a bill of particulars.
Although the trial court denied defendant's demand for a bill of particulars on the ground that no right to a bill of particulars existed in a traffic case, we need not review the propriety of that ruling as defendant never requested a proper bill of particulars.
The purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. * * * A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." State v. Sellards
(1985), 17 Ohio St.3d 169, 171. In the present case, although titled as a demand for a bill of particulars, the document filed by defendant did not request matters intended to elucidate or particularize the conduct of defendant which was alleged to constitute the offenses with which he was charged. Rather, the document sought answers to pseudolegal questions which the state had no duty to provide, and which were irrelevant to defendant's case.[2]
Even if defendant was entitled to a true bill of particulars, he never sought such information, and the state had no duty to respond to defendant's "Special Demand for Specific BILL OF PARTICULARS." Defendant's first assignment of error is overruled.
In his second assignment of error, defendant argues that the trial court erred in entering a not guilty plea on his behalf and in refusing to allow him to withdraw the plea entered by the trial court.
At his arraignment, defendant refused to enter a plea. As a result, the trial court entered a not guilty plea on defendant's behalf pursuant to Crim.R. 11(A). Subsequently, defendant sought to withdraw the plea entered by the trial court in open court, and by filing a document titled, "LEGAL NOTICE OF REVOCATION OF UNAUTHORIZED PLEA WITH AFFIDAVIT IN SUPPORT." Critically, although defendant sought to withdraw the not guilty plea entered by the trial court, he continued to refuse to enter a plea.
Crim.R. 11 (A) provides, in relevant part, that "[i]f a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant." The trial court's authority under Crim.R. 11(A) to enter a not guilty plea for a defendant who refuses to plead is well-settled. State v. Studer (Apr. 27, 1995), Auglaize App. No. 2-94-23, unreported; State v.Schaeffer (Apr. 12, 1993), Warren App. No. CA92-04-038, unreported. Further, the trial court's entry of a not guilty plea did not prejudice defendant, but served to protect his rights. See Schaeffer, supra.
What defendant appears to have actually sought to do was to revoke the trial court's entry of a not guilty plea on his behalf, while continuing to refuse to enter any plea on his own behalf until the court acceded to his demand for answers to his "Special Demand for a Specific BILL OF PARTICULARS." Essentially, defendant sought to prevent his own criminal prosecution by filing a demand for matters to which he was not legally entitled, and then refusing to cooperate until such time as the state provided him with those matters. Plainly, one accused of a crime cannot be allowed to so control the course of his own prosecution.
Defendant's second assignment of error is overruled.
Defendant's third, fourth and fifth assignments of error will be addressed together, as each alleges that the complaint and summons were legally insufficient to invoke either the personal or subject-matter jurisdiction of the trial court.
Traf.R. 3(A) provides that "[i]n traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket'." The record in the instant case reveals that defendant's prosecution was initiated by the filing of a copy of the "Ohio Uniform Traffic Ticket" in the Franklin County Municipal Court.
Defendant first argues that the ticket was invalid because the statutes which the ticket charged him with violating, R.C.4511.19(A)(1), 4507.02(A)(1) and 4511.39, contain no enacting clauses as required by Section 15(B), Article II, of the Ohio Constitution. Section 15(B) provides that the words "be it enacted by the general assembly of the state of Ohio" appear on the face of every law promulgated by the General Assembly.State v. Johnson (Aug. 11, 1998), Franklin App. No. 97APC12-1697, unreported (1998 Opinions 2805). However, in arguing that the statutes under which he was convicted lack this clause, defendant has confused the actual text of the bills passed by the General Assembly with the portions of those bills which are reprinted in the Ohio Revised Code.
Each of the Ohio Revised Code provisions under which defendant was convicted were enacted as part of larger bills. A review of these bills reveals that each begins with the enacting clause mandated by Section 15(B), Article II, of the Ohio Constitution. Specifically, Am.Sub.H.B. No. 995, which enacted the current version of R.C. 4511.39, begins with the words, "[b]e it enacted by the General Assembly of the State of Ohio." See Baldwin's Ohio Legislative Service (1974), 2-279, 2-283. Similarly, Am.Sub.S.B. No. 60, which enacted the current version of R.C. 4507.02, and Am.Sub.S.B. No. 82, which enacted the version of R.C. 4511.19 in effect at the time of defendant's arrest, both begin with the required enacting clause. See Baldwin's Ohio Legislative Service (1997), Vol. 7, L-1094, L-1135; Baldwin's Ohio Legislative Service (1994), 5-54, 5-71.
Defendant next argues that the traffic ticket, was not signed by the issuing officer as required by law. The record reveals that the traffic ticket was in fact signed by Officer J.E. Grebb as required by Traf.R. 3(E).
Defendant next argues that the trial court lacked subject-matter jurisdiction because the traffic ticket was not signed by a prosecutor as required by R.C. 2935.01(C), 2935.17, 2941.03 and 2941.35.
R.C. 2941.03 provides that in a prosecution instituted by an "information," the information must be signed by a prosecuting attorney of the county in which the prosecution is being instituted. Similarly, R.C. 2935.17 provides that a prosecution instituted by "affidavit" must be signed by a prosecuting attorney. R.C. 2941.35 provides in part that "[p]rosecutions for misdemeanors may be instituted by a prosecuting attorney." R.C. 2935.01(C) defines "prosecutor" to include the following: "the county prosecuting attorney, any assistant prosecutor designated to assist him, and, in the case of courts inferior to courts of common pleas, includes the village solicitor, city director of law, or similar chief legal officer of a municipal corporation, any such officer's assistants, or any attorney designated by the prosecuting attorney of the county to appear for the prosecution of a given case."
According to defendant, because the traffic ticket which initiated this action was signed by a police officer rather than by a prosecutor within the meaning of R.C. 2935.01(C), the ticket was legally insufficient to initiate the instant action under R.C. 2935.17, 2941.03 and 2941.35, and was thus legally insufficient to invoke the trial court's subject-matter jurisdiction. Defendant's argument ignores the statutorily based traffic case exception to the rule that all complaints must be signed by a prosecuting attorney. R.C. 2935.17, after noting that a charging affidavit must be signed by a "prosecutor," goes on to provide:
 * * * [T]he supreme court of Ohio, may, by rule, provide for the uniform type and language to be used in any affidavit or complaint to be filed in any court inferior to the court of common pleas for violations of the motor vehicle and traffic acts and related ordinances and in any notice to violator to appear in such courts, and may require that such forms and no other, shall be received in such courts, and issued to violators.
R.C. 2937.46 further provides that:
 The supreme court of Ohio may, in the interest of uniformity of procedure in the various courts, and for the purpose of promoting prompt and efficient disposition of cases arising under the traffic laws of this state and related ordinances, make uniform rules for practice and procedure in courts inferior to the court of common pleas not inconsistent with the provisions of Chapter 2937. of the Revised Code * * *.
These two enabling statutes furnish the authority for the Ohio Supreme Court's promulgation of Traf.R. 3 which provides for a copy of the "Ohio Uniform Traffic Ticket," signed by the issuing law enforcement officer, to replace the affidavit or information as the charging instrument in traffic cases.
The Franklin County Municipal Court's subject-matter jurisdiction in criminal cases is governed by R.C. 1901.20, which provides in relevant part that "[t]he municipal court has jurisdiction of the violation of * * * any misdemeanor committed within the limits of its territory." R.C. 1901.02(B) provides that the Franklin County Municipal Court's territorial jurisdiction includes Franklin County. Each of the charges contained in defendant's traffic ticket were misdemeanors, and defendant has not argued that the state failed to prove that alleged criminal conduct occurred outside of Franklin County. Accordingly, the traffic ticket issued to defendant did invoke the trial court's subject-matter jurisdiction.
Defendant also contends that the trial court lacked personal jurisdiction over him because he was not properly served with the complaint. As previously noted, Traf.R. 3(A), which was legally promulgated, provides for the "Ohio Uniform Traffic Ticket" to serve as both the "complaint and summons" in traffic cases. (Emphasis added.) Defendant's signature on the traffic ticket, which initiated this action, indicates that defendant was properly served with the ticket. Thus, the trial court had personal jurisdiction over defendant.
Defendant's third, fourth and fifth assignments of error are overruled.
Defendant's sixth assignment of error contends that the trial court erred in denying him "counsel of choice." The record reveals that the trial court repeatedly asked defendant if he wanted a lawyer appointed to represent him. Defendant repeatedly refused to accept an appointed lawyer, but insisted that he had a right to be represented by an individual who was not a lawyer.
The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to be represented by counsel; however, this right is not unlimited. Both the state and federal courts have held that the constitutional guarantees of counsel provide a right to be represented by a lawyer and not a right to be represented by anyone of choice, including one not admitted to the practice of law. State v. Ross (1973), 36 Ohio App.2d 185,188; Village of North Bend v. Hundley (Apr. 8, 1987), Hamilton App. No. C-860153, unreported; United States v. Turnbull
(1989), 888 F.2d 636, 638; United States v. Wright (1978),568 F.2d 142, 143. Defendant had no right to be represented by a non-lawyer.
Defendant's sixth assignment of error is overruled.
In his seventh assignment of error, defendant argues that his case should not have been tried to a jury, given his filing of a "REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT." As previously discussed, when defendant refused to cooperate at his arraignment, the trial court sought to preserve defendant's right to a jury trial by entering a jury demand on defendant's behalf. Thereafter, defendant filed his "REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT." Apparently, defendant now argues that this document constituted a waiver of his right to a jury trial. The document and the trial transcript, however, indicate to the contrary.
Aside from its title, the "REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT" contains no waiver of defendant's right to a jury trial; rather, the document challenges the trial court's entry of a jury demand on his behalf. Further, the transcript reveals that after defendant filed his "REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT," the trial court repeatedly asked defendant if he wished to waive his right to a jury trial and provided him with the appropriate waiver form. Defendant declined to sign the jury waiver form and stated: "I don't want to waive any of my rights."
Given defendant's refusal to cooperate, the trial court acted properly in entering a jury demand on his behalf. SeePatton v. United States (1930), 281 U.S. 276, 312;50 S.Ct. 253, 263 (holding that a trial court has a duty to protect an accused's right to a jury trial). Here, the trial court's entry of a jury demand preserved defendant's rights, without prejudicing him in anyway. The jury demand did not compel defendant to have his case heard by a jury, as he was free to withdraw the demand and waive his right to a jury trial at anytime before the jury reached its verdict. State v. Coleman
(1996), Cuyahoga App. No. 69202, unreported.
Defendant's seventh assignment of error is overruled.
Defendant's eighth assignment of error challenges the trial court's decision to try the OMVI and driving without a license charges to both a jury and the court.
While we do not endorse the trial court's decision to concurrently try the OMVI and driving without a license charges to both a jury and the bench, the record reveals that defendant brought this unusual procedure upon himself and was in no way prejudiced thereby. The trial court's decision to concurrently try the case to both a jury and the bench resulted from the contradiction between defendant's filing of a "REVOCATION OF UNAUTHORIZED JURY DEMAND WITH AFFIDAVIT IN SUPPORT," and his insistence in open court that he did not wish to waive any of his rights. By trying the case to a jury and the bench, the trial court simply sought to protect both defendant's right to a jury trial and his right to waive a jury trial. There was no attempt by the trial court to impose the harsher of two disparate verdicts, one returned by the jury and one returned by the court; rather, after the jury found defendant guilty of OMVI and driving without a license, the trial court also found defendant guilty of both charges.
Defendant's eighth assignment of error is overruled.
Having overruled each of defendant's eight assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.
YOUNG, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] The charge of making a left turn without signaling was a minor misdemeanor for which defendant had no right to a jury trial. R.C. 4511.99(D)(1)(a); R.C. 2945.17.
[2] For example, question number 33 and 39 of defendant's demand for a "bill of particulars" inquired as follows:
 33) Did the alleged offense(s) occur in a military, martial law, or admiralty venue pursuant to the above captioned purported instant action?
* * *
 39) Does the Alleged Plaintiff claim, pursuant to the above captioned purported instant action, that the Ohio river is not a navigable waterway or that said river does not lead into or empty into the Mississippi river?