TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00159-CR






Milda Rita Johnson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 97-5233-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING







 A jury convicted Milda Rita Johnson of theft and the trial court assessed
punishment at 365 days in county jail and a $4,000 fine. The court then suspended imposition of
the jail sentence, assessed a reduced fine, and placed Johnson on community supervision for one
year. Johnson appeals, contending the court denied her constitutional right to counsel by not
allowing her to choose a non-lawyer to represent her. We will affirm the judgment.

 The record on this issue is sparse. In the trial court, Johnson filed a document
entitled "Notice and Demand for Counsel of Choice." This document was accompanied by a brief
in support identical to her appellate brief. The clerk's record does not contain an order rejecting
her demand for counsel of choice, but it does contain her signed acknowledgment that the court
admonished her regarding her right to representation by an attorney and the risks of self-representation; in the document, she stated that she voluntarily and knowingly waived her right
to an attorney. There is no reporter's record of any of the proceedings.

 We review the record for reversible error. In a criminal case revealing
constitutional error subject to harmless error review, we must reverse a judgment of conviction
or punishment unless we determine beyond a reasonable doubt that the error did not contribute
to the conviction or punishment. Tex. R. App. P. 44.2(a). We must first find error, however.

 Johnson contends that many of her constitutional rights were violated. She
primarily asserts deprivation of her right to counsel of choice. Along with that deprivation she
asserts loss of her rights to contract, to petition for redress of grievances, to freedom of speech,
to equal protection, and possibly to free exercise of religion.

 Johnson contends that denying her non-attorney legal counselors violated her
constitutional right to assistance of counsel. The Sixth Amendment provides that "[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his
defense." U.S. Const. amend. VI. This clause does not expressly limit the definition of counsel
to licensed attorneys. The Sixth Circuit partly agreed with her argument, noting that the original
meaning of counsel likely included more than attorneys at law. See United States v. Whitesel, 543
F.2d 1176, 1179 (6th Cir. 1977). That court held, however, that allowing the defendant's layman
friend to sit at the table with the defendant satisfied the right to assistance of counsel. See id. at
1180. Many courts have determined that the right to assistance of counsel does not include a right
to defense by a layman. See United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989) (citing
decisions from several federal courts). In Turnbull, the court held that the State's compelling
interest in a fair and orderly trial outweighed even the defendant's religious conviction against
consorting with attorneys. Id. at 640; see also United States v. Wright, 568 F.2d 142, 143 (9th
Cir. 1978) (plainly stating defendants have no constitutional right to be represented by layman).

 Johnson has not preserved her complaints for consideration on appeal. She has not
shown in the record where the trial court ruled on her request either expressly or implicitly, nor
has she shown that the trial court refused to rule and that she objected to that refusal; she therefore
has not presented this error in a way that allows us to consider it fairly. See Tex. R. App. P.
33(a)(2). Nor has she directly attacked the statutes forbidding the unauthorized practice of law. 
See Tex. Govt. Code Ann. §§ 81.101, 81.102 (West 1998). Even if we assume that the trial court
denied her motion and construe her brief as an attack on the constitutionality of the statutes,
Johnson has not shown violation of her constitutional rights.

 Johnson has not shown that the legislature's restriction of counsel to licensed
attorneys violates the constitution. The constitutional rights she asserts are not absolute. Palmer
v. Unauthorized Practice Committee of State Bar, 438 S.W.2d 374, 376-77 (Tex. Civ.
App.--Houston [14th Dist.] 1969, no writ). That court wrote


Constitutional rights of speech, publication and obligation of contract are not
absolute, and in a given case where the public interest is involved, courts are
entitled to strike a balance between fundamental constitutional freedoms and the
state's interest in the welfare of its citizens. The [statute prohibiting unauthorized
practice of law] was enacted in the interest of public welfare and safety for the
purpose of prohibiting the practice of law by unqualified and unlicensed persons
under the State's police power. Constitutional guarantees of freedom of expression
and of contract must yield to permit the rendition of such decree as is necessary for
the reasonable protection of the public.


Id. The court held that the writing of a will was complicated enough and affected such important
rights that the State had an interest in requiring that the drafter have certain minimum training. 
Id. If the writing of a will implicates rights important enough to warrant the State's protection,
surely the defense against a criminal charge does as well. Johnson has not shown that the court's
enforcement of the legislature's decision that counsel must be licensed to mount a legal defense
to a criminal charge unreasonably restricts her right to counsel or to contract. (1)

 Nor has Johnson shown that her freedom of speech or right to petition the
government was unreasonably restricted. She has not shown that the bar of lay representation
prevented her from conveying any ideas to the court. We also note that she was not the petitioner
in this case, but the defendant; the grievance presented was that she offended against the peace
and dignity of the State by stealing between $500 and $1500 of merchandise from a Wal-Mart.

 Nor has she shown that she was denied equal protection. Johnson's equal
protection argument seems to depend on her assertion that convicted defendants are represented
by "jailhouse counsel"--unlicensed inmates who render legal advice--while she was denied lay
counsel. Preservation of error issues aside, we note that "jailhouse counsel" cannot represent
others in this court, and we are unaware of any Texas court that allows such representation. 
Johnson has not shown that she was treated any differently than others who seek lay counsel.

 We find no basis for Johnson's assertion that barring lay counsel restricts her right
to the free exercise of religion. She has stated no religious precepts that were violated. Further,
the Ninth Circuit held that the State's interests in ensuring a fair and orderly trial outweighed even
a defendant's stated religious conviction against hiring an attorney. See Turnbull, 888 F.2d at
640.

 We conclude that Johnson failed to preserve the asserted errors or present a record
on which we can fairly evaluate her claim. We further conclude that, even if it were preserved
and sufficiently presented, she has failed to present a record showing reversible error. We affirm
the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 30, 1999

Do Not Publish

1. We reject Johnson's assertion that, because judges are attorneys, we uphold the licensing
requirement out of self-interest. We concede that district and appellate judges must be licensed
attorneys. See Tex. Const. Art. 5, §§ 2, 4, 6, 7. Upholding the licensing requirement confers
no benefit on us because we cannot appear in court representing others and can give legal advice
only to family members (and even then cannot charge a fee). See Tex. Code Jud. Conduct, Canon
4(G). We also note that the licensing requirement for counsel was enacted by legislators, the
majority of whom are not licensed attorneys. (Only 12 of 31 state senators and 51 of 150 state
representatives list their current or former occupation as "attorney". Neither the governor nor
the lieutenant governor is an attorney.) The legislature, which thus collectively lacks self-interest
in retaining the "license monopoly" Johnson decries, has not repealed the restrictions.


lic interest is involved, courts are
entitled to strike a balance between fundamental constitutional freedoms and the
state's interest in the welfare of its citizens. The [statute prohibiting unauthorized
practice of law] was enacted in the interest of public welfare and safety for the
purpose of prohibiting the practice of law by unqualified and unlicensed persons
under the State's police power. Constitutional guarantees of freedom of expression
and of contract must yield to permit the rendition of such decree as is necessary for
the reasonable protection of the public.


Id. The court held that the writing of a will was complicated enough and affected such important
rights that the State had an interest in requiring that the drafter have certain minimum training. 
Id. If the writing of a will implicates rights important enough to warrant the State's protection,
surely the defense against a criminal charge does as well. Johnson has not shown that the court's
enforcement of the legislature's decision that counsel must be licensed to mount a legal defense
to a criminal charge unreasonably restricts her right to counsel or to contract. (1)

 Nor has Johnson shown that her freedom of speech or right to petition the
government was unreasonably restricted. She has not shown that the bar of lay representation
prevented her from conveying any ideas to the court. We also note that she was not the petitioner
in this case, but the defendant; the grievance presented was that she offended against the peace
and dignity of the State by stealing between $500 and $1500 of merchandise from a Wal-Mart.

 Nor has she shown that she was denied equal protection. Johnson's equal
protection argument seems to depend on her assertion that convicted defendants are represented
by "jailhouse counsel"--unlicensed inmates who render legal advice--while she was denied lay
counsel. Preservation of error issues aside, we note that "jailhouse counsel" cannot represent
others in this court, and we are unaware of any Texas court that allows such representation. 
Johnson has not shown that she was treated any differently than others who seek lay counsel.

 We find no basis for Johnson's assertion that barring lay counsel restricts her right
to the free exercise of religion. She has stated no religious precepts that were violated. Further,
the Ninth Circuit held that the State's interests in ensuring a fair and orderly trial outweighed even
a defendant's stated religious conviction against hiring an attorney. See Turnbull, 888 F.2d at
640.

 We conclude that Johnson failed to preserve the asserted errors or present a record
on which we can fairly evaluate her claim. We further conclude that, even if it were preserved
and sufficiently presented, she has failed to present a record showing reversible error. We affirm
the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patters