NOONAN, Circuit Judge,
dissenting;
Today, the majority approves as harmless the examination at trial of a pro se defendant by an interested, non-lawyer co-defendant. Because this result is unconstitutional and because representation by a lay person bears directly on the “framework within which the trial proceeds,” Ari *939 zona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the defect is structural and not amenable to harmless error. See McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).
We begin with the text of the Sixth Amendment, “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI. This provision guarantees a criminal defendant the appointment of counsel for his defense at all critical stages of the prosecution. Gideon v. Wainwright, 372 U.S. 335, 343-44, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Supreme Court has recognized one solitary constitutionally permissible alternative to representation by counsel that is “necessarily implied by the structure of the [Sixth] Amendment”: a defendant’s constitutional right to represent himself. Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). These rights balance trial fairness, see Gideon, 372 U.S. at 344, 83 S.Ct. 792, with “the dignity and autonomy of the accused,” McKaskle, 465 U.S. at 176-77, 104 S.Ct. 944. We have described these rights as “reciprocal,” John-Charles v. California, 646 F.3d 1243, 1248 (9th Cir.2011), suggesting that these rights are the two and only two options allowable under the Sixth Amendment. We have also described these rights as “concomitant,” Sandoval v. Calderon, 241 F.3d 765, 774 (9th Cir.2000), “correlative and mutually exclusive,” United States v. Gerritsen, 571 F.3d 1001, 1007 (9th Cir.2009); see also Faretta, 422 U.S. at 825, 95 S.Ct. 2525 (“The right to counsel was viewed as guaranteeing a choice between representation by counsel and the traditional practice of self-representation.”).
. We are unaware of any court that has allowed the arrangement here, see Op. at 932, and for good reason. “Nothing in the language or the history of the sixth amendment to the Constitution” contemplates permitting representation by persons who are not qualified attorneys. United States v. Wright, 568 F.2d 142, 143 (9th Cir.1978). Indeed, lay representation would obstruct the objectives of the Sixth Amendment, “not further them.” Id. “Whatever else it may mean,” the Supreme Court has explained, “the right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him.” Brewer v. Williams, 430 U.S. 387, 398, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (emphasis added); see also United States v. Turnbull, 888 F.2d 636, 638 (9th Cir.1989) (holding that “counsel” means “attorney” under the Sixth Amendment).
The law is clear: “Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.” Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Once Jennifer decided to proceed pro se and her request was honored by the court, she may not be represented by an individual, other than herself, who is not a licensed attorney. Indeed, the “control” test in McKaskle, upon which the majority heavily relies, was contemplated only in relation to standby counsel. McKaskle, 465 U.S. at 176, 104 S.Ct. 944. While a court may appoint qualified standby attorney as a safeguard for a pro se defendant, see, e.g., id., a trial judge may not allow, let alone encourage, a non-lawyer to represent a defendant at a critical stage of her trial.
We have already held that representation by a person who is not a qualified attorney constitutes a per se violation of the Sixth Amendment where “the defendant’s representative had never been admitted to any bar.” United States v. Hoff *940 man, 733 F.2d 596, 600 (9th Cir.1984). “The principle applied in such cases is that one never admitted to practice law and therefore who never acquired the threshold qualification to represent a client in court cannot be allowed to do so ... for purposes of the Sixth Amendment.” United States v. Mouzin, 785 F.2d 682, 697 (9th Cir.1986). Other circuits agree. See, e.g., Solina v. United States, 709 F.2d 160, 168 (2d Cir.1983); Harrison v. United States, 387 F.2d 203, 212-14 (D.C.Cir.1967).
Rules governing representation by counsel are fruits of long English and American experience. See Faretta, 422 U.S. at 821-33, 95 S.Ct. 2525. These rules are not to be lightly disregarded in the interest of efficiency or in order to move things along. Well-intentioned as the trial judge was, he had no authority to suggest that a non-lawyer — much less an interested co-defendant — represent a criminal defendant, nor did that defendant have any right to be represented by one, other than herself, who is not a member of the bar. Without the assistance of counsel and after losing her right to represent herself at a critical stage at her trial, Jennifer was convicted of a serious federal crime. Her conviction cannot stand.